# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **EUGENE ALLEN,** <br> Defendant. | No.: <br> 4:17-CR-00208-WTM-GRS-1 |

## MEMORANDUM IN SUPPORT OF DEFENDANT ALLEN'S MOTION TO ADOPT AND CONFORM SIMS' MOTION TO SUPPRESS

COMES NOW the Defendant EUGENE ALLEN and files this his Memorandum in Support of his Motion to Adopt Charmaine Sims' Motion to Suppress Wiretap Evidence, in the above-captioned matter pursuant to this Court's Order. [Doc 384]

1. Mr. Allen and 19 co-defendants have been indicted for numerous narcotics related offenses in the Southern District of Georgia.

2. The above-numbered indictment, and Mr. Allen's participation in the alleged offenses, were the culmination of many months of government investigation. Indeed, discovery reveals at least 13 wiretaps, all of which were based – entirely or in part – upon information and recordings from the original

Bibb County wiretap – which was the subject of the Sims Motion [Doc 233] adopted by Mr. Allen. [Doc 234]

3. The Bibb County wiretap – which has never been provided in discovery – targeted Kelvin Carswell[1] in a completely unrelated investigation.[2] Carswell was an inmate housed at Coffee State Prison in Nicholls, Georgia. Although in prison on State charges, he was being investigated for a murder in Bibb County.

4. Apparently, Carswell had been communicating with one Deonte Kitchens while Kitchens was incarcerated at Reidsville State Prison via cell phone number 478. 223-7354. Using this information, Bibb County investigators applied for, and received authorization to tap that phone – 478. 223-7354 – starting on November 5, 2015, authorizing interceptions through December 4, 2015.

5. None of the facts and circumstances used to obtain the Bibb County warrant are related to the drug charges *sub judice*. That is, the Bibb County investigation concerned completely different conspirators, locations and logistics than the instant case.

6. The extension sought for the 478.223-7354 was *inter alia* to insure the safety of witnesses in the Bibb murder investigation. The initial Bibb wiretap

---

[1] As well as his cousin Kelvin Carswell. (separate individual)

[2] We do have an affidavit supporting an extension of the original Carswell wiretap.

authorization expired December 4, 2015.  Upon information and belief, Allen was neither a target or intercepted during that initial wiretap.[3]

7. However, by early December, Bibb County had informed GBI Agent Chris Petrou that around December 11, 2015, Carswell had sold the target phone to Mr. Allen.  That is, as of a least December 11, 2015, Carswell no longer had possession of the target phone – nor did anyone related to the Bibb County case.

8. Agents continued to monitor the target number and intercepted more than 60 calls after Mr. Allen had obtained possession of the phone.

9. As a direct result of those intercepted calls multiple wiretap and PRTT Orders have been obtained, including, *inter alia*,

    TT 1    770.309-8393    (Charmaine Sims)
    TT 2    913.655-7449    Mr. Allen
    TT 3    912.659-5978    Mr. Allen
    TT 4    706.340-7928    (Charmaine Sims)
    TT 5    912.944-9855    Mr. Allen
    TT 6    912.656-5872    Mr. Allen

Allen has been captured on all of the above mentioned target telephones.

### I.    Allen has standing to contest the legality of all wiretaps in this cause.

Allen is, of course, an "aggrieved" person under 18 USC 2511 as he was the "subject of, an alleged participant in, or a party to intercepted communications". *See e.g. US v Tucker*, 526 F2d 279, 282 & N.4 (5th Cir. 1976) (a cognizable claim

---

[3] The anticipated interceptees, at least on the extension application, were Carolyn Tucker, Candice Hooks, Deonte Kitchens and target Kevin Carswell.

need be no more than a "mere assertion", provided it is a positive statement that interception was "illegal").  And, of course, an "aggrieved person" may move to suppress the contents of any intercepted communication – and any evidence derived therefrom if "unlawfully intercepted" 18 USC 2518 (10)(a)(i).  *See United States v Chavez,* 416 US 562; *United States v Giordano*, 416 US 505; *United States v Donovan*, 429 US 413.

## II.   The continued monitoring of the original phone was illegal and not supported by the authorizing warrant.

It is axiomatic that a wiretap order cannot authorize the wiretap of persons in a conspiracy unknown to the affiants – an order cannot authorize surveillance of an unknown conspiracy because the statute requires agents to demonstrate probable cause and necessity to procure a wiretap order.  *See* 18 USC 2518(1)(b)(c).[4]

That is, once it is discovered, the government cannot use the authority of the original Carswell affidavit to conduct a search or interception that is unsupported by the *affidavit*.  *See Maryland v Garrison*, 480 US 79 at 87.  *See also US v Carey,* 836 F3d 1092 (9th Cir 2016) (once government knows that the person speaking on the tapped line is not part of the target conspiracy wiretap should end); *US v Wood*, 238 F. Supp. 3d 1307 (DC Colo. 2017).

---

[4] Any allegations to "others unknown" would have to be in relation to the "Carswell conspiracy".

Here, the government discovered in December 2015 that a wiretap investigation targeting Kelvin Carswell was in progress. That investigation was for a "murder that Carswell had committed". Carswell sold the phone to Allen; and the government continued to monitor the phone from December 11, 2015, through January 2, 2016. (Affidavit for Order, p.15).[5]

Likewise, the "naming requirement" of 2518 (1)(b)(iv) requires the government to include the identity of the persons who are expected to be intercepted – both incoming and outgoing. *See Donovan*, supta, at 428. *See also* US Attorney's Manual, 28 Electronic Surveillance – Title III Applications, ¶ E (requiring naming each person "whose involvement in the alleged offense is indicated … "even if not expected to be intercepted).

### III. The entirety of the PRTT and TIII investigation falls as a result of the initial illegality.

Since it is clear that the subsequent Orders gathered evidence "derived from" the unlawful *communication* interception, 18 USC 255 and 2518, its use cannot be permitted at trial. *Alderman v US*, 394 US 165; *US v Giordano*, supra, *US v Spanqrivolo*, 549 F2d 705 (9th Cir 1977).

---

[5] Allen was captured on this illegal interception, obviously. This interception was the genesis of the investigation that lead to this indictment. It lead directly to PRTT orders (at least nine). Then to the wiretap orders mentioned above. PRTT data can uncover data that can make a wiretap unnecessary. *See, e.g. Smith v Maryland* 442 US 735, 737 (1979); *US v Geraldo*, 271 F3d 1112, 1115 (DC Cir 2001); *US v Clay*, 34 F3d 1070 (8th Cir 1994) (unpublished); *US v Thornton*, 746 F2d 39, 41-43 (DC Cir 1984); *US v Louderman*, 576 F2d 1383, 1386 (9th Cir. 1978).

## **CONCLUSION**

Allen seeks an evidentiary hearing and for an Order suppressing the use of any and all evidence obtained as a result of the illegal wiretap as laid out hereinabove.

This 26th day of June, 2018.

                                              Respectfully submitted,

                                              /s/ Bruce S. Harvey
                                              LAW OFFICE OF BRUCE S. HARVEY
                                              ATTORNEYS FOR DEFENDANT
                                              Bruce S. Harvey, #335175

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing Memorandum in Support of Defendant Allen's Motion to Adopt and Conform Sims' Motion to Suppress using the Court's CM/ECF system which will deliver a copy to all registered to receive service via CM/ECF, addressed as follows:

>Brian T. Rafferty
>E. Gregory Gilluly, AUSA
>U.S. Attorney's Office
>P.O. Box 8970
>Savannah, Georgia 31412

This 26th day of June, 2018.

>/s/ Bruce S. Harvey
>LAW OFFICE OF BRUCE S. HARVEY
>ATTORNEYS FOR DEFENDANT
>Bruce S. Harvey, #335175
>146 Nassau Street
>Atlanta, Georgia 30303
>(404) 659-4628