IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

_____

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) **CASE NO.: 4:17-CR-00208** |
| v. | ) ) |
| **EUGENE ALLEN,**  Defendant. | ) ) ) ) |

_____

## OBJECTION TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATIONS

COMES NOW, Defendant above-named and, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3, files these Objections to the Magistrate Judge's Report and Recommendations as follows:

Mr. Allen objects to the Magistrate Judge's conclusion that he does not have "standing" – i.e. the right to challenge the interception of phone conversations he had on a cell phone while incarcerated – under Title III (18 U.S.C. § 2510. et seq.) The Magistrate is simply wrong. Here's why.[1]

It is unusual to find ourselves enmeshed in an almost law school type question – undersigned counsel would call the class "Statutory Interpretation and Legislative Supremacy". It is axiomatic that legislative supremacy, as a doctrine

---

[1] Mr. Allen incorporates and realleges the arguments made in his Memorandum of Law previously filed.

1

of statutory interpretation, is grounded in the notion that, except when exercising the power of judicial review, courts are subordinate to legislatures.  Although this is a seemingly commonplace notion, it is difficult to pin down: much ink has been used in reflecting on this basic principle.

Perhaps the most common understanding of legislative supremacy is that courts must follow legislative directives: we hear this almost every day in these times, courts must not "legislate".  ***See, e.g., East Bay Sanctuary Covenant v. Trump***, ___F3d___ (9th Cir. December 7, 2018) 2018 WL 6428204 @ * 17 (Just as we may not, as we are often reminded, "legislate from the bench, ...").  That carries with it the corollary principle, that courts cannot consider how *best* to implement what Congress has set out, but only to *carry out* those directives embedded in the texts of statutes.  That is even if the directive seems "ironic", that is Congress' concern, not the courts.  As the Supreme Court has said to read something into the text of a statute that Congress did not see fit to include "would be to invent a statute rather that interpret one.  ***Clark v. Martinez***, 543 U.S. 371, 378 (2005).  A court cannot avoid a potential problem by inventing – or reinventing – a statute.  Therein lies the error in the Report and Recommendation.

A logical progression reveals:

1. Allen makes no Fourth Amendment argument;

2. "standing" – actually a reasonable expectation of privacy (REP) – is a Fourth Amendment concept;

3. Allen relies on Title III – a statutory scheme, legislated by Congress;

4. Title III contains its own
    (i) standing provision (18 U.S.C. § 2515 (ii))
        and
    (ii) exclusionary provision (18 U.S.C. § 2515);

5. Fourth Amendment "standing" has *not* been imported into Title III;

6. Title III applies to prisoners (with specific exceptions); and

7. Thus, Allen has the right to challenge the intercepted evidence gathered in violation of Title III.

This can be the only logical and legal conclusion. An interpretation of the Title III Statute which relies on an "implicit exception" destroys the doctrine of legislative supremacy to get to the result individual judges may think is "best". Every statute, hopefully, is not so chameleon – like that it carries with it "implicit" additions/exceptions depending upon prevailing interpretation theory. ***See Harris v. Unites States***, 536 U.S. § 545, 556 (2002) (rejecting "a dynamic view of statutory interpretation under which the text might mean one thing when enacted yet another if the prevailing view of the Constitution later changed".)

Finally, no one disagrees that, in this matter:

1. There is no textual ambiguity,
2. There are no "textual signals" and
3. There is no interpretation necessary.

3

As noted below, while the conclusion reached by the Magistrate Judge may be morally or intellectually satisfying, its reasoning is legally flawed.  This Court should reject its conclusion and find that Mr. Allen does, in fact, have the right to challenge the interception of his phone conversations.

This 13th day of December, 2018.

Respectfully submitted,

/s/ Bruce S. Harvey
LAW OFFICE OF BRUCE S. HARVEY
ATTORNEYS FOR DEFENDANT
Bruce S. Harvey, #335175
146 Nassau Street
Atlanta, Georgia 30303
(404) 659-4628

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing Objection to Magistrate Judge's Report and Recommendations upon opposing counsel by e-filing, facsimile transmission, hand delivery, or by depositing a copy of same in the United States Mail with sufficient postage attached thereon, addressed as follows:

>Brian T. Rafferty
>E. Gregory Gilluly, AUSA
>U.S. Attorney's Office
>P.O. Box 8970
>Savannah, Georgia 31412

This 13th day of December, 2018.

>/s/ Bruce S. Harvey
>LAW OFFICE OF BRUCE S. HARVEY
>ATTORNEYS FOR DEFENDANT
>Bruce S. Harvey, #335175
>146 Nassau Street
>Atlanta, Georgia 30303
>(404) 659-4628