[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10705

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

KARTEU OMAR JENKINS,
a.k.a. Yay,
EUGENE ALLEN,
a.k.a Poncho,
a.k.a Jig,

                                        Defendants-Appellants.

————————————————

Appeals from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:17-cr-00208-RSB-CLR-3

————————————————

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

We have considered all the arguments raised on appeal by Defendants-Appellants Karteu Omar Jenkins and Eugene Allen, including that:

I.      The Defendants had standing to challenge wiretap evidence used against them at trial, and the district court erred in denying the Defendants' motions to suppress that evidence.

II.     The district court abused its discretion in denying Jenkins's motions for new counsel.

III.    The district court erred in admitting evidence seized during Jenkins's arrest.

IV.     The district court erred in denying Jenkins's motion for judgment of acquittal.

V.      The district court violated Jenkins's constitutional rights by constructively amending his indictment.

VI.     The district court incorrectly calculated Jenkins's sentencing   guidelines   range,   applied   erroneous   sentencing

enhancements, and violated his constitutional rights by sentencing him based on acquitted conduct.

VII.    The district court miscalculated Allen's sentencing guidelines range by attributing to him marijuana that only Jenkins was responsible for, and by attributing to him a quantity of cocaine beyond what the jury found.

After careful review, and with the benefit of oral argument, we find no reversible error.  While we agree with the Defendants that they had standing to challenge the wiretap evidence, as the Government now concedes, we disagree that the district court erred in denying the Defendants' motions to suppress that evidence.  The record shows that the wiretaps at issue were properly authorized.

As to Jenkins's motions for new counsel, we find that the district court adequately inquired into the matter when it held three separate hearings on the motions.  *See United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997).  Having heard live testimony from Jenkins and his counsel, the district court found that there was no breakdown in communication between the two.  And as a result, the court found that there was no good cause to grant Jenkins's motions.  Given the deference we afford to the district court's credibility and factual determinations, we see no reason to disturb that finding.

Nor do we find reversible error on the remaining issues. Even assuming that the district court abused its discretion by

admitting evidence of cocaine seized from Jenkins during his arrest, that error would be harmless. There was more than sufficient independent, admissible evidence on which to convict Jenkins of the charged offenses. *See United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000). The district court also correctly denied Jenkins's motion for judgment of acquittal. Further, the district court did not violate Jenkins's constitutional rights by constructively amending Jenkins's indictment. To be sure, the drug quantity specified in the jury instructions was different than the quantity specified in the indictment, but the change did not constructively amend the indictment because drug quantity was not an essential element of the charged offense. *See United States v. Cabrera-Beltran*, 660 F.3d 742, 753 (4th Cir. 2011).

Likewise, as to the Defendants' sentencing arguments, we find no reversible error.

We thus affirm the Defendants' convictions and sentences.

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 29, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  21-10705-CC
Case Style:  USA v. Karteu Jenkins
District Court Docket No:  4:17-cr-00208-RSB-CLR-3

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at 404-335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion